### Henry W. Mahle et al., Appellees, v. Otto F. Mahle et al. Otto F. Mahle, Appellant.

### Gen. No. 6,540.   (Not to be reported in full.)

Appeal from the Circuit Court of Stark county; the Hon. CLYDE E. STONE, Judge, presiding. Heard in this court at the February term, 1918. Affirmed. Opinion filed July 25, 1918.

### Statement of the Case.

Bill by Henry W. Mahle, Mary Best, Ida Davidson and Rose Ann Green, complainants, against Otto F. Mahle and others, defendants, for the construction of the will of Ferdinand Mahle, deceased. From the decree rendered, defendant Otto F. Mahle appealed to the Supreme Court, from which the case was transferred to the Appellate Court.

JOHN W. FLING, JR. and BARNES, MAGOON & BLACK, for appellant.

J. H. RENNICK and T. W. HOOPES, for appellees.

MR. JUSTICE CARNES delivered the opinion of the court.

## Abstract of the Decision.

1. ESTOPPEL, § 6*—*when party may not assume inconsistent position.* A party who has with knowledge of the facts assumed a particular position in judicial proceedings is estopped to assume a position inconsistent therewith to the prejudice of the adverse party.

2. ESTOPPEL, § 6*—*when residuary legatee agreeing to construction of will as to vesting of legacies may not complain of provision of decree as to time of payment.* Where the parties to a bill for the construction of a will, providing that testator gives all his real and personal property to his wife for life and gives to his son all the realty on condition that he pay to the rest of the children certain specified sums, agree that title to the realty vests in the son subject to the life estate of the surviving widow and that the legacies to the children other than such son are vested and a charge upon the real estate devised to the son, the latter cannot complain that a provision in the decree of the chancellor that the legacies were payable in one year was incorrect, and that they were not payable until the death of the life tenant, even though the construction agreed to by the parties was incorrect.

3. EQUITY, § 547*—*how oral evidence cannot be preserved for review.* Oral evidence in a chancery case cannot be preserved for review by a certificate of the clerk of court, in the absence of a certificate of evidence or a showing in the decree of the hearing of proofs.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.